Filed 8/27/13  P. v. O'Hara CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058213 |
| v. | (Super.Ct.Nos. RIF1203700, RIF1210587, RIF1210589 & RIF1210605) |
| BRANDON SCOTT O'HARA, | |
| Defendant and Appellant. | O P I N I O N |

APPEAL from the Superior Court of Riverside County.  Helios (Joe) Hernandez, Judge.  Affirmed.

Beatrice C. Tillman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Brandon Scott O'Hara pled guilty to various counts and had others dismissed pursuant to plea agreements in four cases.  In accordance with the

1

agreements, he was sentenced to a total of seven years and ordered to pay $1,000 in restitution in addition to specified fines, assessments, and fees. We affirm the judgments.

## I. FACTUAL AND PROCEDURAL SUMMARY

On July 9, 2012, defendant was charged in a felony complaint with committing grand theft (count 1; Pen. Code, § 487, subd. (a)), and receiving stolen property (count 2; Pen. Code, § 496, subd. (a)). These crimes allegedly occurred on May 27, 2012. It was further alleged that defendant had suffered two prior prison terms (Pen. Code, § 667.5, subd. (b)) and one prior strike (Pen. Code, § 667, subds. (c), (e)(1)). This case was assigned case No. RIF1203700.

On December 5, 2012, defendant was charged in a felony complaint with unlawfully taking or driving a vehicle (count 1; Veh. Code, § 10851, subd. (a)), receiving a stolen vehicle (count 2; Pen. Code, § 496d, subd. (a)), misdemeanor possession of burglary tools (count 3; Pen. Code, § 466), misdemeanor possession of drug paraphernalia (count 4; Health & Saf. Code, § 11364.1), and misdemeanor resisting arrest (count 5; Pen. Code, § 148, subd. (a)(1)). These crimes allegedly occurred on December 1, 2012. It was further alleged that defendant committed counts 1 and 2 while released from custody prior to the judgment becoming final on the primary offense. (§ 12022.1.) This case was assigned case No. RIF1210587.

Also on December 5, 2012, defendant was charged in another felony complaint with unlawfully taking or driving a vehicle (count 1; Veh. Code, § 10851, subd. (a)), possession of heroin (count 2; Health & Saf. Code, § 11350, subd. (a)), possession of

2

methamphetamine (counts 3 and 4; Health & Saf. Code, § 11377, subd. (a)), misdemeanor resisting arrest (count 5; Pen. Code, § 148, subd. (a)(1)), and misdemeanor possession of drug paraphernalia (count 6; Health & Saf. Code, § 11364.1). Count 1 allegedly took place on October 31, 2012; counts 2 through 6 allegedly occurred on November 20, 2012. This case was assigned case No. RIF1210589.

On or about December 6, 2012,[1] defendant was charged in a felony complaint with possession of methamphetamine (count 1; Health & Saf. Code, § 11377, subd. (a)), misdemeanor possession of drug paraphernalia (count 2; Health & Saf. Code, § 11364.1), and misdemeanor resisting arrest (count 3; Pen. Code, § 148, subd. (a)(1)). These crimes allegedly occurred on October 8, 2012. It was further alleged that defendant had suffered two prior prison terms (Pen. Code, § 667.5, subd. (b)) and one prior strike (Pen. Code, § 667, subds. (c), (e)(1)). This case was assigned case No. RIF1210605.

On December 20, 2012, defendant entered into plea agreements in each of the four cases. Under the agreements, defendant would plead guilty to certain charges, other charges would be dismissed, and he would be sentenced to a total term of seven years in prison.

On January 14, 2013, defendant's pleas were withdrawn and new plea agreements entered into. Under the agreement regarding case No. RIF1203700, defendant agreed to plead guilty to count 1 (grand theft) and admit the strike allegation based on the condition

---

[1] The copy of the complaint in our record is not file stamped. It was signed on behalf of the district attorney on December 6, 2012, and the record shows defendant was arraigned on the charges in the complaint on December 6, 2012.

that he would be sentenced to a term of four years. He would receive credit for 100 days. He acknowledged that he would be ordered to pay restitution in the amount of $1,000 in case No. RIF1203700.

Under the agreement for case No. RIF1210587, defendant agreed to plead guilty to count 1 (unlawfully taking or driving a vehicle) based on the condition that he would be sentenced to a consecutive term of 16 months.

In case No. RIF1210589, defendant agreed to plead guilty to count 1 (unlawfully taking or driving a vehicle) and admit a strike prior based on the condition that he would be sentenced to a consecutive term of 16 months.

In case No. RIF1210605, defendant agreed to plead guilty to misdemeanor possession of methamphetamine based on the condition that he would be sentenced to a consecutive term of 120 days.

Under the agreements, defendant would serve a total term of seven years.

At a hearing, the court confirmed defendant's knowing and intelligent waiver of his rights and his understanding of the consequences of his pleas, and defendant admitted facts establishing the factual basis for the charges to which he was pleading guilty. The court approved the plea agreements and pronounced sentence in accordance with the plea agreements. In case No. RIF1203700, defendant was ordered to pay $1,000 in restitution. Certain fines, assessments, and fees were also imposed.

The abstracts of judgment reflect the sentence as pronounced and include the fines, assessments, and fees as specified by the court. The abstract of judgment for case No. RIF1203700 includes an order to pay restitution in the amount of $1,000.

The original abstracts of judgment in case Nos. RIF1210587 and RIF1210589 indicate an order to pay $1,000 in restitution. This is contrary to both the plea agreements and the court's oral pronouncement of sentence. Defendant's appellate counsel brought this clerical error to the attention of the trial court, which then ordered the error corrected. New abstracts of judgment for case Nos. RIF1210587 and RIF1210589 that omit any order to pay restitution have been issued.

## II. ANALYSIS

Defendant appealed from the judgment in each of his four cases "based on the sentence or other matters occurring after the plea." He did not indicate he was challenging the validity of his plea and neither requested nor procured a certificate of probable cause.

Upon defendant's request, this court appointed counsel to represent him on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436, and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a factual summary, and one potential arguable issue: whether defendant was sentenced according to his guilty plea agreement on all four cases.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we

have conducted an independent review of the record for potential error and find no arguable issues.

## III.  DISPOSITION

The judgments are affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

KING
J.

We concur:

RAMIREZ
P. J.

CODRINGTON
J.